IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KEITH DALE MARTIN,                                    )
                                                      )
                        Plaintiff,                    )
                                                      )
vs.                                                   )    Case No. 09-CV-017-GKF-TLW
                                                      )
TULSA COUNTY MUNICIPALITY;                            )
OKLAHOMA DEP'T OF CORRECTIONS;                        )
THE STATE OF OKLAHOMA;                                )
JESSE HARRIS; MICHELLE KEELEY;                        )
FRED J. MORGAN; TIMOTHY H. HARRIS;                    )
SALLY HOWE SMITH; JUSTIN JONES;                       )
LETHA J. BUTCHER; GREG PROVINCE,                      )
                                                      )
                        Defendants.                   )

## OPINION AND ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, REQUIRING PAYMENT OF INITIAL PARTIAL FILING FEE, AND DISMISSING COMPLAINT

On January 13, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983

(Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is a state inmate, in

custody at Dick Conner Correctional Center ("DCCC"), Hominy, OK, and appears *pro se*. As

discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted.

Plaintiff shall be required to make an initial partial payment and, thereafter, monthly payments until

the full $350 filing fee is paid.  The Court further finds that pursuant to Heck v. Humphrey, 512 U.S.

477 (1994),  the complaint shall be dismissed without prejudice for failure to state a claim upon

which relief may be granted.

**A.      Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis* the Court concludes that

Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee

required to commence this action.  Accordingly, the Court finds Plaintiff is entitled to proceed

without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$51.71** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the six-month period immediately preceding the filing of the complaint.  28 U.S.C. §1915(b).  The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint.  <u>See</u> 28 U.S.C. § 1915(b)(1).  Therefore, after payment of the initial partial filing fee, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid.  Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff.  All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action.  The Clerk shall send a copy of this Order to prison officials at DCCC.

**B.  Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.  Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff seeks monetary damages from defendants who are immune from such relief.  Furthermore, as discussed below, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint shall be dismissed without prejudice.

Plaintiff's claims relate to his conviction entered in Tulsa County District Court, Case No. CF-1997-2114.[1]  In the complaint, Plaintiff names eleven (11) defendants, including "Tulsa County

---

[1]In Tulsa County District Court, Case No. CF-97-2114, Plaintiff was convicted by a jury of Possession of Controlled Drug, After Former Conviction of Two Felonies (Count 1); Failure to Signal (Count 4); and Escape from Lawful Custody, After Former Conviction of Two Felonies (Count 5). The jury recommended forty-five (45) years imprisonment and a $10,000 fine for the Count 1 conviction, ten (10) days imprisonment for the Count 4 conviction, and twenty (20) years imprisonment and a $1,000 fine for the Count 5 conviction. The trial court sentenced Plaintiff in accordance with the jury's recommendation and ordered the sentences to be served consecutively.

Municipality"; the Oklahoma Department of Corrections ("DOC"); the State of Oklahoma; Tulsa

County District Court Judge Jesse Harris; Tulsa County District Attorneys Michelle Keeley, Fred

J. Morgan, and Timothy H. Harris; Sally Howe Smith, Tulsa County Court Clerk; Letha J. Butcher,

Tulsa County Deputy Court Clerk; Justin Jones, Director, DOC; and Greg Province, Warden,

DCCC. Plaintiff claims that in Tulsa County District Court, Case No. CF-97-2114, he was acquitted

by a jury of the crime charged in Count 1, Unlawful Possession of a Controlled Drug With Intent

to Distribute, and that his subsequent sentence and incarceration on that count are unlawful. Based

on that allegation, Plaintiff raises the following grounds for relief:

Count 1:    The defendants Jessie [sic] Harris and Michelle Keeley while working in their (official and individual) capacities caused and allowed the plaintiff to be convicted and sentenced to 45 years imprisonment for the same crime he was acquitted of and failed to provide the plaintiff with equal protection of the law in violation of his 14th Amendment constitutional right.

Count 2:    The defendant(s) Jessie [sic] Harris, Sally Howe Smith and Letha J. Butcher, while working in their (official and individual) capacities prepared, filed and entered an erroneous judgment and sentence against the plaintiff in violation of his 5th Amendment constitutional right.

Count 3:    The defendant(s) Justin Jones and Greg Province while working in the individual capacities are imposing slavery and involuntary servitude upon the plaintiff at the Dick Conner Correctional Center in Hominy Oklahoma in violation of his Thirteenth Amendment constitutional right.

---

In Case No. F-1997-1465, the Oklahoma Court of Criminal Appeals affirmed Plaintiff's convictions and sentences on direct appeal. The docket sheet for Case No. CF-1997-2114, viewed at www.oscn.net, reflects that Plaintiff has filed seven (7) applications for post-conviction relief. All requests for post-conviction relief have been denied. Plaintiff has also sought habeas corpus relief in this Court, N.D. Okla. Case No. 99-CV-775-TCK. In that case, the Court denied habeas corpus relief on September 30, 2002. Plaintiff appealed and, on June 19, 2003, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. The docket sheet for Case No. 99-CV-775-TCK also reflects that Plaintiff has repeatedly requested leave to file a second or successive habeas corpus petition. Each request has been denied.

Count 4:    The defendant(s) Jessie [sic] Harris, Fred J. Morgan and Timothy H. Harris, while working in their (official and individual) capacities, violated the plaintiff's Eighth Amendment constitutional right when they violated his Fourteenth Amendment constitutional right by failing to provide him due process and equal protection of the law.

Count 5:    The defendant Jessie [sic] Harris while working in his (official and individual) capacity, maliciously mischarged [sic] the jury in CRF-97-2114 in violation of Plaintiff's 5th, 8th, and 14th Amendment constitutional rights.

Count 6:    The defendant Jessie [sic] Harris, while working in his (official and individual) capacity, intentionally denied the plaintiff his 14th Amendment constitutional right to equal protection and due process of the law by refusing to enter a judgment of acquittal in Count One CRF-97-2114 as required by law.

(Dkt. # 1).    As relief, Plaintiff seeks a declaratory judgment, injunctive relief in the form of his release from custody, compensatory damages, punitive damages, and such other relief as the Court deems him to be entitled.  See id.

## 1.    Defendants State of Oklahoma and Oklahoma Department of Corrections are entitled to Eleventh Amendment immunity

Plaintiff fails to explain the basis for any claim against either defendant State of Oklahoma or Oklahoma Department of Corrections. Nonetheless, the Eleventh Amendment precludes an individual from suing a state in federal court, and the bar exists whether the relief sought is legal or equitable. Papasan v. Allain, 478 U.S. 265, 276 (1986). The State of Oklahoma has not waived its Eleventh Amendment immunity. See Nichols v. Department of Corrections, 631 P.2d 746, 750-51 (Okla.1981). In addition the DOC, a governmental entity acting as an "arm of the state," is not a "person" within the meaning of § 1983 and is also entitled to Eleventh Amendment immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); see also Hafer v. Melo, 502 U.S. 21, 25-26 (1991). Accordingly, Defendants State of Oklahoma and Oklahoma Department of Corrections shall be dismissed with prejudice based on Eleventh Amendment immunity.

2.    **Defendants Jesse Harris, Keeley, Morgan, and Timothy Harris are entitled to absolute immunity**

Plaintiff complains of rulings made by Tulsa County District Court Judge Harris during his criminal proceedings.  In addition, he asserts that Defendants Keeley, Morgan, and Timothy Harris, all identified as employees of the Tulsa County District Attorney's Office, caused him to be convicted and sentenced on a crime for which he was acquitted.  <u>See</u> Dkt. # 1. In his requests for relief, Plaintiff asks for monetary damages from these defendants.

A state court judge has absolute immunity for his or her actions, unless they were nonjudicial, or taken in the complete absence of all jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 11012 (1991).  In this case, the Court finds that the actions taken by Defendant Jesse Harris forming the basis of Plaintiff's complaint were judicial and within his jurisdiction as District Judge for Tulsa County.   Therefore, the Court concludes Defendant Jesse Harris is absolutely immune from monetary damages in this civil rights action.  Plaintiff's request for monetary damages based on his claims against Defendant Jesse Harris shall be dismissed with prejudice from this action.

State prosecutors, such as Defendants Keeley, Morgan, and Timothy Harris in this case, are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976); <u>Gagan v. Norton</u>, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted).  Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" <u>DiCesare v. Stuart</u>, 12 F.3d 973, 977 (10th Cir. 1993) (quoting <u>Buckley v. Fitzsimmons</u>, 113 S. Ct. 2606, 2615 (1993)).  In this case, the Court concludes that the actions of Defendants Keeley, Morgan, and Timothy Harris taken in prosecuting a criminal charge against Plaintiff are the type of conduct protected by absolute

6

immunity. A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process.  Imbler, 424 U.S. at 430.  Because Defendants Keeley, Morgan, and Timothy Harris are entitled to absolute prosecutorial immunity from civil damages, Plaintiff's request for monetary damages shall be dismissed from this action with prejudice.

3.      **Claims against remaining defendants and requests for declaratory and injunctive relief shall be dismissed based on Heck v. Humphrey, 512 U.S. 477 (1994)**

Plaintiff's claims against the remaining defendants fail to state a claim upon which relief may be granted.  "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."  Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Requests for injunctive and declaratory relief premised on allegations which necessarily imply the invalidity of ongoing incarceration are also barred under Heck.  See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)); see also Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002).

The Court finds that a judgment in favor of Plaintiff on any of his claims challenging the constitutionality of his ongoing incarceration due to the criminal conviction entered in Tulsa County District Court "necessarily impl[ies] the invalidity of his conviction or sentence." Heck, 512 U.S. at 487.  Furthermore, Plaintiff has not shown that the conviction has been overturned or otherwise invalidated.  As a result, any claim for damages, declaratory or injunctive relief under 42 U.S.C. § 1983 has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**4. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*.  In addition, he has sued immune defendants and his complaint otherwise fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1.      Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments.  Plaintiff shall make an initial partial payment of **$51.71**.

2.      After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s).  Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3.      Defendants State of Oklahoma and Oklahoma Department of Corrections are **dismissed with prejudice** based on Eleventh Amendment immunity.

4.   Plaintiff's requests for monetary damages against Defendants Jesse Harris, Keeley, Morgan, and Timothy Harris are **dismissed with prejudice** from this action based on absolute immunity.

5.   Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

6.   The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

7.   The Clerk shall send a copy of this Order to prison officials at Dick Conner Correctional Center, Hominy, Oklahoma.

DATED THIS 23RD  day of January, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma